NORMAN KELLAR, ESQ. Town Attorney, New Paltz
This is in response to your letter received February 23, 1976, and our telephone conversation of February 24, 1976, requesting an opinion of the Attorney General as to whether or not the Town of New Paltz is authorized to promulgate zoning regulations and amendments thereto under the Municipal Home Rule Law as well as under Town Law, Article 16. Town Law, Article 16, provides for zoning and planning in towns and section 261, contained in said Article, provides, in part:
 "For the purpose of promoting the health, safety, morals, or the general welfare of the community, the town board is hereby empowered by ordinance to regulate and restrict the height, number of stories and size of buildings and other structures, the percentage of lot that may be occupied, the size of yards, courts, and other open spaces, the density of population, and the location and use of buildings, structures and land for trade, industry, residence or other purposes; * * *." (Emphasis supplied.)
Pursuant to provisions of section 262, contained in said Article, the town board is authorized for the purposes contained in section 261, to divide that part of the town outside the limits of a village or city into districts and within said districts to regulate and restrict "the erection, construction, reconstruction, alteration or use of buildings, structures or land."
Town Law, § 264, contained in said Article 16, prescribes the method of procedure for adopting zoning ordinances and amendments to zoning ordinances. However, Municipal Home Rule Law, § 10(2), provides:
 "2. Every local government also shall have power to adapt and amend local laws where and to the extent that its legislative body has power to act by ordinance, resolution, rule or regulation." (See enclosed copy of 1966 Atty. Gen. [Inf.] 76.)
Municipal Home Rule Law, § 2(9), defines a local law, in part, as follows:
 "9. `Local law.' A law (a) adopted pursuant to this chapter or to other authorization of a state statute or charter by the legislative body of a local government, * * * but shall not mean or include an ordinance, resolution or other similar act of the legislative body or of any other board or body." (Emphasis supplied.)
Accordingly, we conclude that the Town of New Paltz is authorized to adopt zoning ordinances and amendments thereto by following the procedures prescribed in Town Law, Article 16 or promulgate zoning regulations and amendments thereto through enactment of local laws by following the procedures prescribed in Municipal Home Rule Law. However, while local laws may be enacted to amend zoning ordinances there is no authorization for amending local laws by ordinances.